IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







WR-25,897-03






Ex parte JOSE ANGEL MORENO, Applicant






On Application for Writ of Habeas Corpus from


Bexar County






 Statement of Womack, J., respecting the motion for stay of execution and the
petition for writ of habeas corpus, in which Johnson and Holcomb, JJ., joined.


 It is undisputed that the petitioner was sentenced to death in 1987 by procedures that violated
the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Supreme Court has
recently held so. See Abdul-Kabir v. Quarterman, 550 U.S. (No. 05-11284, April 25, 2007);
Brewer v. Quarterman, 550 U.S. (No. 05-11287, April 25, 2007). We now know that when this
court rejected his claim in 2000, we were wrong. But today the Court decides that we may not
correct our mistake because the Supreme Court's new decisions did not announce a new legal basis,
which would permit the filing of a new petition.

 It may not have been a new legal basis for the five Justices who comprised the majority on
April 25. But it was a new legal basis in the eyes of the four dissenting Members of the Court, the
Judges of the United States Court of Appeals whose decisions were reversed, and the members of
this court whose decisions were reversed on the same day (see Smith v. Texas, 550 U.S. (No. 05-11304, April 25, 2007)). If the members of those courts could not have foreseen last month's decisions, we should not expect the petitioner to have done so. I think we should hold, as a matter of
state law, that the legal basis for the petitioner's claim was not available before the Supreme Court's
decisions last month.


Filed: May 9, 2007

Do Not Publish.